1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD BILAUSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:09 CV 1983 RWS |
| ) | |
| TROY STEELE, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Petitioner Richard Bilauski seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bilauski alleges that his counsel on direct appeal was ineffective for failing to raise the claim that the trial court violated his Sixth Amendment right to self-representation.  1I referred this matter to a United States Magistrate Judge for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b).  On January 8, 2013, the Magistrate Judge filed his recommendation that Bilauski's habeas petition should be granted.  The Missouri Attorney General timely filed his objections to the Report and Recommendation.

Based on my de novo review of Bilauski's claims, 1I will adopt the thorough reasoning of the Magistrate Judge and will grant Bilauski's habeas petition to permit him to file a new appeal of his conviction and present his claim that the trial court violated his Sixth Amendment right to self-representation.

*Background*

The Magistrate Judge's Report and Recommendation provides a detailed factual and procedural background of this case, which I adopt in whole.

During Bilauski's criminal trial he filed a written Request for Waiver of Counsel. The trial court never ruled on his request. Bilauski proceeded to trial with appointed counsel and was convicted. Bilauski appealed his conviction and was represented by appointed counsel. Bilauski's direct appeal counsel did not raise the claim that the trial court violated his Sixth Amendment right to self-representation.

Thereafter, Bilauski filed a motion for post-conviction relief, in which he raised the claim of ineffective assistance of direct appeal counsel for her failure to raise the claim that the trial court violated his Sixth Amendment right to self-representation. The post-conviction motion court denied Bilauski's motion. On post-conviction appeal, the Missouri Court of Appeals determined that Bilauski's direct appeal counsel was not ineffective because her decision to forgo the Sixth Amendment claim was strategic and the claim would not have required reversal of Bilauski's conviction if raised on direct appeal. Bilauski now challenges the Missouri Court of Appeals' decision under 28 U.S.C. § 2254.

*Legal Standard*

When a claim has been adjudicated on the merits in a state court proceeding, a federal court may grant a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDP") 28 U.S.C. § 2254(d), only if the state court's determination:

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained the standard for reviewing a state habeas case. A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme]

Court has on a set of materially indistinguishable facts." Id. at 413.  A state court's decision is an "unreasonable application" of law if it identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.  A state court's determination of fact is presumptively correct and can only be proven unreasonable by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).

This is a highly deferential standard.  Hardy v. Cross, 132 U.S. 490, 491 (2011).  "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 131 S.Ct. 770 (2011).  It is not enough for me to conclude that, in my independent judgment, I would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable.  Collier v. Norris, 485 F.3d 415, 421 (8th Cir. 2007) (citing Williams, 529 U.S. at 411).  Even a strong case for habeas relief does not mean that the state court's contrary conclusion was unreasonable.  Richter, 131 S.Ct. at 786.

Bilauski argues that the Missouri Court of Appeals unreasonably applied the clearly established federal law set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires that a defendant alleging a violation of the the Sixth Amendment right to effective assistance of counsel must show (1) that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that his counsel's "performance prejudiced the defense." Id. at 687.

To prove the performance prong, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688.  When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  "There is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects

trial tactics rather than sheer neglect." Richter, 131 S.Ct. at 790 (internal quotations omitted). And, to Aeliminate the distorting effects of hindsight,@ courts examine counsel=s performance from counsel=s perspective at the time of the alleged error. Strickland, 466 U.S. at 689.

To prove the prejudice prong, defendant "must show that the deficient performance prejudiced the defense." Id. at 687. The defendant "must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259 (2000). "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Strickland, 466 U.S. at 694. "That requires a substantial, not just conceivable, likelihood of a different result." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (internal quotations omitted).

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S.Ct. 1473, 1485 (2010). Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is even more difficult. "Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (citing Cullen, 131 S.Ct. at 1410). The pivotal question is not whether Bilauski's direct appeal counsel fell below Strickland's standard, but whether the state court's application of Strickland was objectively unreasonable.

*Discussion*

Because the Missouri Court of Appeals correctly identified Strickland as the governing legal standard from Supreme Court precedent when ruling on Bilauski's post-conviction motion, I must now determine whether the court unreasonably applied that standard to the facts of Bilauski's case.

Performance Prong

The Missouri Court of Appeals found that counsel's failure to raise a Sixth Amendment claim on direct appeal was a strategic decision, and thus not ineffective performance.  I find that this an unreasonable application of Strickland.  In Faretta v. California, 422 U.S. 806, the Supreme Court explained a criminal defendant's Sixth Amendment right to self-representation.  When a defendant voluntarily and unequivocally asserts his right to self-representation, the court must inquire into the defendant's understanding of the right and ensure he has a full understanding of the consequences of self-representation.  Faretta, 422 U.S. at 835-35.  Here, it is undisputed that on April 5, 2002, Bilauski filed a "Request for Waiver of Counsel," and that the trial court never addressed this request.  It is also undisputed that counsel did not raise a Faretta claim on direct appeal.

Of course the mere fact that counsel failed to raise a claim on direct appeal does not render her performance ineffective.  Rather the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  Smith v. Murray, 477 U.S. 527, 536.  On the other hand, omitting a meritorious claim without a reasonable investigation may render counsel's performance constitutionally deficient.  While counsel cannot be expected to fully investigate the entire universe of potential claims, "strategic choices made after less than complete investigation are reasonable to precisely to the extent that reasonable professional judgments support the limitations on investigation."  Strickland, 466 U.S. at 690.  "[C]ounsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary."  Id.  Here, the Missouri Court of Appeals did not consider whether Bilauski's direct appeal counsel's decision not to raise a Faretta claim was supported by a reasonable investigation, and the record does not indicate that a reasonable investigation occurred.

Bilauski's direct appeal counsel does not have a clear, independent recollection of her thought process while representing Bilauski; however, she testified in a deposition for the post-conviction proceeding that she has "no explanation for why [she] would have chosen not to pursue [a Faretta claim] except perhaps [she] just missed it." (Resp. Exh. K at 16). Counsel does not recall "doing some research and making a conscious decision" that a Faretta claim was not a viable issue. Id. And counsel "certainly [does not] remember making any type of strategic decision." Id. at 13. Indeed, counsel admits that she "should have raised" the Faretta issue and that "it's quite possible that [she] did not advocate effectively for Mr. Bilauski." Id. at 15, 17. As a result, there is no indication that that counsel made a strategic decision not to raise the Faretta issue after determining through a reasonable investigation that the claim would not be meritorious. There may be "countless ways to provide effective assistance in any given case," but overlooking a potentially viable claim is not one of them. Strickland, 466 U.S. at 689.

The Missouri Court of Appeals' decision supplants the evidence with hypotheticals to conceive of a scenario where counsel's admitted oversight of a potentially viable claim becomes a strategic decision. Bilauski's direct appeal counsel testified that, theoretically, she would consider the fact that a defendant filed a motion to represent himself and then subsequently expressed a desire to have new counsel when determining whether a claim was meritorious. Id. at 27. Relying on this testimony, the Missouri Court of Appeals, in ruling on Bilauski's post-conviction motion, assumed that it appeared to Bilauski's direct appeal counsel that Bilauski was simply trying to obtain new counsel rather than waive his right to counsel and thus made the strategic decision that a Faretta claim was not meritorious. (Resp. Exh. L, at 5). But the Missouri Court of Appeals failed to assess the reasonableness of counsel's investigation of this issue before forging ahead without raising a Faretta claim. As a result, the "strategic decision"

the Missouri Court of Appeals invokes to justify counsel's limited investigation "resembles more a post hoc rationalization of counsel's conduct than an accurate description [her] deliberations." Wiggins v. Smith, 539 U.S. 514, 526 (2003)); see also Harris v. Reed, 894 F.2d 871, 878 (7th Cir. 1990) ("Just as a reviewing court should not second guess the strategic decisions of counsel with the benefit of hindsight, it should also not construct strategic defenses which counsel does not offer."). By failing to assess the reasonableness of counsel's investigation, the Missouri Court of Appeals unreasonably applied Strickland. See Wiggins, 539 U.S. at 538. As a result, I find that the Magistrate Judge correctly determined that the Missouri Court of Appeals' decision is objectively unreasonable.

      Prejudice Prong

The Missouri Court of Appeals found that there is not a reasonable probability that Bilauski's Faretta claim would have prevailed on appeal. I find this an unreasonable application of Strickland. The Missouri Court of Appeals found that Bilauski repudiated his assertion of his right to self-representation because he filed motions seeking appointment of new counsel after his request to waive counsel. (Resp. Exh. L, at 5). The Missouri Court of Appeals also found that Bilauski testified at the evidentiary hearing that he was "attempting to communicate that that given the chance between his current trial counsel and representing himself, he preferred to proceed pro se." Id. at 5-6. Based on this information, the Missouri Court of Appeals concluded that it is "clear from the record" that Bilauski wanted counsel, just not his current trial counsel. Id.

While the Missouri Court of Appeals' characterization of Bilauski's behavior is plausible, it was an unreasonable determination of fact to conclude that it was the only explanation. It is undisputed that Bilauski filed a clear, unequivocal written Request for Waiver

of Counsel on April 5, 2002. Yet the trial court did not address the request and continued to ignore Bilauski's pro se motions while conducting pretrial proceedings with his appointed counsel. Bilauski waited more than seven months with no ruling on his request to proceed pro se before filing another motion to have his counsel replaced. Bilauski testified that the trial court's failure to rule on this request to proceed pro se led him to believe that the request was denied. (Resp. Exh. I, at 9). To the extent that Bilauski proceeded to trial with appointed counsel without orally invoking his right to self-representation, Bilauski testified that that he felt he had no choice but to proceed with counsel given the silence on his request and the trial judge's admonition immediately prior to trial that he would be better off with representation. Id. at 11-13. Thus, there is clear and convincing evidence contrary to Missouri Court of Appeals' determination that it is "clear from the record" that Bilauski wanted to be represented by counsel.

Bilauski claims that he invoked his Sixth Amendment right to self-representation but was ignored in violation of Faretta. There is a reasonable possibility that Bilauski's claim would succeed on appeal. When the state court's erroneous determination of fact is corrected, the likelihood that Bilauski would prevail is substantial, not just conceivable. Strickland, 466 U.S. at 693. As a result, I find that the Magistrate Judge correctly determined that the Missouri Court of Appeals' decision is objectively unreasonable.

Conclusion

The AEDPA standard was intentionally made difficult to meet in order to respect the "States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights." Calderon v. Thompson, 523 U.S. 538, 555-556 (1998). As such, "federal habeas review is a guard against extreme malfunctions in the state criminal justice systems, not a

substitute for ordinary error correction through appeal.  <u>Richter</u>, 770 S.Ct. at 786.  This is one of the rare instances in which habeas relief must be granted in order to protect a defendant's constitutional rights.  The Missouri Court of Appeals' decision was an unreasonable application of clearly established Supreme Court precedent, and was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  As a result, I agree with the Magistrate Judge's recommendation that Bilauski be permitted to argue on direct appeal that that the trial court violated his Sixth Amendment right to self-representation.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Richard Bilauski's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner be permitted to present his claim based on <u>Faretta v. California</u>  in a new direct appeal of his conviction to the Missouri Court of Appeals within in (60) days of the date of this order.

**IT IS FURTHER ORDERED** that, in the event petitioner is not permitted to pursue a new direct appeal, that petitioner's conviction be vacated, and that petitioner be afforded a new trial within nine months of the date of this order.  If the State does not afford a new trial, the petitioner should be released from custody.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2013