UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD BILAUSKI, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:09 CV 1983 RWS |
| | ) | |
| TROY STEELE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

On April 25, 2013, Respondent filed a motion under Federal Rule of Civil Procedure 59(e) to amend the judgment I entered on March 29, 2013 granting a writ of habeas corpus to Petitioner Richard Bilauski.

Under Rule 59(e), a party may file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." U.S. v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted). A movant is not entitled to relief under Rule 59(e) when the movant "merely reassert[s] positions the district court [has] already rejected." Prof'l Mgmt. Assoc., Inc. v KPMG, LLP, 345 F.3d 1030, 1033 (8th Cir. 2003) (district court did not abuse its discretion in denying Rule 59(e) motion where movant merely reasserted positions previously rejected); See also 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995 and Supp. 2001).

Respondent is not entitled to relief under Rule 59(e).  Respondent has failed to identify a manifest error of law or fact and has failed to present any newly discovered evidence.  Instead, Respondent supports his Rule 59(e) motion with evidence and arguments previously presented in his objections to the Magistrate Judge's Report and Recommendation.  In support of his motion, Respondent cites to a recent United States Supreme Court decision, <u>Marshall v. Rodgers</u>, which was issued after I entered judgment.  133 S. Ct. 1446 (2013) (holding that the Ninth Circuit erred in looking to circuit precedent to determine whether there was clearly established federal law regarding a defendant's right rescind a waiver of counsel).  But <u>Marshall</u> offers no new precedent relevant to this matter.  I did not grant Petitioner a writ of habeas corpus based on the existence of Supreme Court precedent regarding when a trial court must address a motion to waive counsel, I granted the writ because I found the Missouri Court of Appeals' decision to be an unreasonable application of the clearly established federal law set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Because Respondent attempts to relitigate his unsuccessful positions and does not present evidence that I have not previously considered, I will deny Respondent's motion.

Accordingly,

**IT IS HEREBY ORDERED that** Respondent's motion to alter or amend [#36] is **DENIED**.

**IT IS FURTHER ORDERED that** Respondent's motion to stay [#38] is **DENIED** as moot.

                                                                                          _____
                                                                                          RODNEY W. SIPPEL
                                                                                          UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2013.